UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBY J. WILLIAMS,

    Plaintiff,

v.                                          Case No. 3:22cv21211-TKW-HTC

UNITED STATES OF AMERICA,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Before the Court is Defendant United States' Motion to Dismiss, which argues this case should be dismissed for lack of subject matter jurisdiction. ECF Doc. 12. Plaintiff Bobby J. Williams responded in opposition. ECF Doc. 15. After reviewing the parties' submissions, the undersigned concludes the motion should be granted, and this case should be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff filed this case in state court against Dakota Hawke Reasor on September 30, 2022. ECF Doc. 1-1. Both Plaintiff and Reasor were employees of the United States Postal Service ("USPS") at the time of the events described in the complaint. Plaintiff alleges that in July 2022, Reasor falsely reported Plaintiff assaulted him by angrily pushing a u-cart into a gurney, which then hit him. *Id.*

Based on the allegedly false report, Plaintiff claims Reasor is liable for defamation, wantonness, negligence, and intentional infliction of emotional distress. *Id.* at 8-11.

The United States removed this case from state to federal court pursuant to 28 U.S.C. § 1442(a)(1), ECF Doc. 1, and moved to be substituted as the Defendant in place of Reasor pursuant to 28 U.S.C. §§ 1346, 2679 based on the U.S. Attorney for the Northern District of Florida's[1] certification that Reasor was acting within the scope of his federal employment at the time of the acts alleged in the complaint, ECF Doc. 6. The motion was granted and the United States was substituted as the Defendant. ECF Doc. 11. The United States now moves to dismiss the case for lack of subject matter jurisdiction. ECF Doc. 12.

## II.  DISCUSSION

### A.  Scope of Employment

Plaintiff challenges the substitution of the United States in place of Reasor. "[T]he Attorney General's certification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995); *see also Osborn v. Haley*, 549 U.S. 225, 242 (2007) ("Section 2679(d)(2) does not preclude a district court from

---

[1] The Attorney General has delegated the power to certify employees' actions as within the scope of employment to the United States Attorneys under 28 C.F.R. § 15.4(a).

resubstituting the federal official as defendant *for purposes of trial* if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect.") (emphasis in original).  If a plaintiff challenges the scope of employment certification, the District Court must apply *de novo* review to the certification. *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022).  However, the certification serves as *prima facie* evidence the conduct at issue occurred within the scope of employment and the plaintiff bears the burden of proving otherwise. *Id.*

"[W]hether an employee's conduct was within the scope of his employment is governed by the law of the state where the incident occurred." *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (quotation marks and citation omitted).  "Under Florida law, the conduct of an employee is considered within the scope of employment when it (1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master." *Omnipol*, 32 F.4th at 1306 (citing *Sussman v. Fla. E. Coast Props., Inc.*, 557 So. 2d 74, 75-76 (Fla. 3d DCA 1990)).

Here, Plaintiff has not rebutted the presumption, created by the U.S. Attorney's certification, that Reasor's acts occurred within the scope of his employment.  Reporting the workplace misconduct of a coworker to supervisors is

expected of an employee and furthers the employer's interests by allowing the employer to address the misconduct. Indeed, Plaintiff's response confirms as much, as Plaintiff indicates the USPS employee manual states "all employees are responsible for reporting to their supervisors immediately any accident or injury in which they are involved, regardless of the extent of injury or damage." ECF Doc. 15 at 5. Thus, Plaintiff's description of events indicates Reasor was acting within the scope of his employment when he reported Plaintiff assaulted him in July 2022.[2]

Instead, Plaintiff argues Reasor was not acting within the scope of his employment because: (1) Reasor did not *immediately* report the incident to the acting supervisor; (2) the required forms were not completed in the aftermath of the incident; (3) Reasor did not make a statement during an active investigation. ECF Doc. 15 at 5-8. These arguments, however, are unavailing because Reasor's compliance with USPS policy for reporting workplace accidents does not affect the scope of work determination. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998) ("For example, when a salesperson lies to a customer to make a sale, the tortious conduct is within the scope of employment because it benefits the employer by increasing sales, even though it may violate the employer's policies."). Nor does Plaintiff's assertion that Reasor's conduct was criminal and violated 18 U.S.C. §

---

[2] Plaintiff has also not alleged Reasor's false report took place outside of the Post Office or outside of working hours.

Case No. 3:22cv21211-TKW-HTC

1001.³  *See Blount v. Sterling Healthcare Grp., Inc.*, 934 F. Supp. 1365, 1372 (S.D. Fla. 1996) (noting employee can be acting within the scope of employment "even if the alleged wrong was a crime, was not authorized by the employer, or was forbidden by the employer") (citations omitted).  What matters is whether the activity is of the type Reasor would be expected to undertake, and he would certainly be expected to report an assault by a coworker.  *See Nadler v. Mann*, 951 F.2d 301, 305 (11th Cir. 1992) ("[T]he issue is whether the employee was doing what his employment contemplated.") (quotation marks and citation omitted); *Upshaw v. United States*, 669 F. Supp. 2d 32, 42 (D.D.C. 2009) (noting the pertinent inquiry "is whether the individual Federal Defendants' statements to the EEO investigator—not the allegedly defamatory statements made therein—were the kind of conduct they were employed and authorized to perform").  Because Plaintiff has not rebutted the U.S. Attorney's certification that Reasor's conduct was within the scope of his employment, the United States remains the proper Defendant.⁴

  **B.**  **Sovereign Immunity**

"It is well established that the United States is immune from suit unless it consents to be sued." *Omnipol*, 32 F.4th at 1306.  Because Plaintiff alleges Reasor

---

³ Section 1001 is a criminal statute that does not provide a civil cause of action.  *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015).

⁴ Plaintiff's response requested discovery and an evidentiary hearing on the scope of employment issue.  ECF Doc. 15 at 10.  However, "nothing mandates that a district court allow discovery and hold an evidentiary hearing before ruling on a section 2679 certification." *Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015).

Case No. 3:22cv21211-TKW-HTC

committed state law torts, his claims fall under the Federal Tort Claims Act ("FTCA"). *See Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) ("Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims.") (citation omitted). However, the FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)).

The United States has submitted a declaration from an attorney for the USPS National Tort Center which indicates Plaintiff has not submitted an administrative tort claim. ECF Doc. 12-1. And Plaintiff does not contest the declaration or otherwise argue he has exhausted his administrative remedies. Instead, he claims the exhaustion requirement does not apply to him because he filed suit against an individual acting outside the scope of his employment and not the United States. However, as discussed above, Reasor was acting within the scope of his employment and Plaintiff's claims are governed by the FTCA. Thus, because Plaintiff has not exhausted his administrative remedies, the Court lacks subject matter jurisdiction over his claims under the FTCA. *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("Unless and until a claimant has exhausted his administrative

remedies under the FTCA, the district court lacks subject-matter jurisdiction.") (citation omitted).

Furthermore, even assuming Plaintiff had exhausted his administrative remedies, his claims would still be subject to dismissal because the intentional tort exception to the FTCA provides that the United States maintains its sovereign immunity for "any claim arising out of . . . libel [or] slander[.]" 28 U.S.C. § 2680(h). "The phrase 'arising out of' is interpreted broadly to include all injuries that are dependent upon one of the listed torts having been committed." *Zelaya*, 781 F.3d at 1333 (citation omitted). Thus, although Plaintiff's complaint indicates he is bringing claims for defamation, wantonness, negligence, and intentional infliction of emotional distress, all his claims arise out of the allegedly defamatory report Reasor made to the USPS about the assault. *See id.* ("[A] claim will be deemed to have arisen from a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort. And this is so even if the plaintiff has denominated, as the basis for the cause of action, a tort not found within § 2680(h)'s list of excepted torts."). Because defamation is an intentional tort excepted from the FTCA's waiver of sovereign immunity, Plaintiff's claims are subject to dismissal regardless of whether he has exhausted his administrative

remedies.[5]  *See Burns v. United States*, 809 F. App'x 696, 701 (11th Cir. 2020) (affirming dismissal of defamation claim against the United States under the intentional tort exception to the FTCA).

Accordingly, it is RECOMMENDED:

1.   That Defendant United States' Motion to Dismiss, ECF Doc. 12, be GRANTED and this case be DISMISSED WITHOUT PREJUDICE.

2.   That the clerk close the file.

At Pensacola, Florida, this 23rd day of December, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

[5] Plaintiff's claims for injunctive and declaratory relief would also be subject to dismissal because the FTCA's waiver of sovereign immunity encompasses only monetary damages. *See Kight v. U.S. Dist. Court, N. Dist. of Ga.*, 681 F. App'x 882, 884 (11th Cir. 2017) (affirming dismissal of plaintiff's claims for injunctive and declaratory relief because "the FTCA does not waive sovereign immunity for relief other than money damages").